UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON BENNY THOMPSON,

v.                                     Case No. 8:08-cv-1178-T-33MAP

SECRETARY, DEPT. OF CORRECTIONS,
_____/

## O R D E R

This cause is before the Court on Petitioner Aaron Benny Thompson's 28 U.S.C. § 2254 petition for writ of habeas corpus. Thompson challenges his conviction and sentence entered by the Circuit Court for the Twelfth Judicial Circuit, Sarasota County, Florida, in state circuit case number 2004-CF-9345.   A review of the record demonstrates that Thompson's petition must be **denied**.   The petition is time-barred and the claims are unexhausted and procedurally barred because Thompson did not appeal the denial of his Rule 3.850 motion for postconviction relief in state court.

## PROCEDURAL HISTORY

On July 6, 2004, the State filed an Information charging Thompson with one count each of Aggravated Battery (With Great Bodily Harm or Deadly Weapon), Armed Kidnaping, Robbery With a Weapon, and Aggravated Assault. (Exh 15: R 19-20).[1] Thompson proceeded to a jury trial before the Honorable Harry M. Rapkin, Circuit Judge, on December 12, 2004. Thompson was represented by court-appointed counsel, John Pangallo, Esquire. The jury found Thompson guilty of all counts as charged. (Exh 15: R 63).

_____

[1] Volume 1 of the record on direct appeal is attached to Document Number 22 as Respondent's Exhibit 15.

On December 14, 2004, the court sentenced Thompson to fifteen years imprisonment on

the Aggravated Battery charge, thirty years imprisonment on the Kidnaping and Robbery

charges, and two years imprisonment on the Aggravated Assault charge, with all counts

running concurrently.[2] (Exh 15: R 131-138).

**Direct Appeal**

Thompson pursued a direct appeal. Assistant Public Defender Richard J. Sanders,

Thompson's appellate attorney, filed an *Anders*[3] brief, stating he could find no meritorious

argument to support the contention that the trial court committed significant reversible error.

(Exhibit 1). Counsel invited the appellate court's attention to three potential issues for

review:

Issue One

WHETHER THE EVIDENCE WAS SUFFICIENT TO SUPPORT THE
CONVICTIONS.

Issue Two

WHETHER THE SENTENCES WERE LAWFUL.

Issue Three

WHETHER THE JURY INSTRUCTIONS ON KIDNAPING WERE
FUNDAMENTAL ERROR.

Despite being invited to do so by the state district court of appeal, Thompson did not

file a pro se brief. (See Exhibit 2). The State filed its answer brief, agreeing with

Thompson's appellate counsel in regard to issues set out in the *Anders* brief. (Exhibit 3).

---

[2] The record reflects that, as a result of Thompson's successful motion to correct sentence filed during the course of the direct appeal, the trial court corrected the judgment and sentence on the armed robbery count to fifteen years imprisonment for robbery without a weapon. (See Respondent's Exhibit 7 at p. 2).

[3] *Anders v. California*, 386 U.S. 738 (1967).

On December 9, 2005, in Case No. 2D05-345, the Second District Court of Appeal filed a per curiam silent opinion affirming the convictions and sentences. (Exhibit 4). *Thompson v. State*, 916 So. 2d 803 (Fla. 2d DCA 2005)[table]. The mandate issued on December 30, 2005. (Exhibit 5).

## Rule 3.850 Motion for Postconviction Relief

On April 19, 2006, Thompson filed a pro se motion for postconviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure raising five claims of ineffective assistance of trial counsel: (1) counsel was ineffective for failing to have Thompson evaluated for mental competency prior to Thompson's rejection of a plea offer; (2) counsel was ineffective for failing to bring Thompson's mental and physical illness to the court's attention; (3) counsel was ineffective for failing to strike a juror for cause; (4) counsel was ineffective for failing to establish or offer a defense theory to the jury; and (5) counsel was ineffective for stating, during closing argument, that Thompson was a drug dealer, but that Thompson was not guilty of the charges for which he was being tried. (Exhibit 6).

On April 26, 2006, the state trial court summarily denied grounds 3, 4, and 5, and directed the State to respond to grounds 1 and 2. (Exhibit 7). On June 9, 2006, Thompson filed an amended Rule 3.850 motion adding two claims of ineffective assistance of counsel: (6) counsel was ineffective for failing to present an independent acts doctrine defense and to request a jury instruction on independent acts; and (7) counsel was ineffective for failing to properly preserve for appeal the alleged insufficiency of the evidence for the kidnaping conviction. (Exhibit 8).

On June 22, 2006, the state trial court summarily denied the two additional claims on their merits. (Exhibit 9). The State then filed its response to the grounds 1 and 2 of the

original motion for postconviction relief, stating there was nothing in the record conclusively refuting those claims. (Exhibit 10). On August 10, 2006, the state trial court issued an order granting an evidentiary hearing on grounds 1 and 2. (Exhibit 11).

An evidentiary hearing was held on May 1, 2007. On May 3, 2007, the state trial court issued a final order denying the Rule 3.850 motion for postconviction relief. (Exhibit 12). The progress docket of the Twelfth Judicial Circuit Court (Exhibit 13), and a search of the state district court of appeal's database demonstrates that Thompson did not appeal the adverse postconviction rulings. (Exhibit 14).

## THE PRESENT PETITION

Thompson signed his § 2254 petition on June 4, 2008. (Doc. No. 1). The petition was filed in the United States District Court for the Northern District of Florida and transferred to this Court on June 18, 2008.

The petition raises five grounds for relief:

### Ground One

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO HAVE PETITIONER MENTALLY EVALUATED BEFORE ALLOWING HIM TO REJECT A PLEA OFFER AND PROCEED TO TRIAL.

### Ground Two

TRIAL COUNSEL WAS INEFFECTIVE FOR NOT BRINGING PETITIONER'S MENTAL AND PHYSICAL ILLNESS TO THE COURT'S ATTENTION WHEN DEFENSE COUNSEL BECAME AWARE AND IN POSSESSION OF DOCUMENTS THAT STATED PETITIONER'S MEDICAL CONDITION.

### Ground Three

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO TAKE PROPER STEPS TO HAVE A JUROR REMOVED WHO STATED IN VOIR DIRE THAT HER LACK OF THE ENGLISH LANGUAGE COULD POSSIBLY HINDER THE OUTCOME OF THE VERDICT AT TRIAL.

Ground Four

TRIAL COUNSEL WAS INEFFECTIVE BY NOT ESTABLISHING OR
OFFERING A DEFENSE THEORY TO THE JURY.

Ground Five

TRIAL COUNSEL WAS INEFFECTIVE WHEN DURING THE CLOSING
ARGUMENT HE STATED PETITIONER WAS A DRUG DEALER BUT WAS
NOT GUILTY OF THE CHARGES HE WAS IN COURT FOR.

## THE PETITION IS TIME-BARRED

The instant petition is time-barred under 28 U.S.C. §2244(d)(1), as amended by the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). According to the AEDPA,

a person in custody pursuant to the judgment of a state court has one year from the date

his judgment becomes final on direct review to file a § 2254 federal habeas petition.

Thompson's judgment became final on **March 9, 2006**, ninety days after December 9,

2005, the date his conviction and sentence were affirmed on direct appeal.  *See Bond v.*

*Moore*, 309 F.3d 770, 772 (11th Cir. 2002)(one-year limitations period for Florida prisoner's

federal habeas petition started to run when time expired for filing petition for certiorari from

state high court's denial of discretionary review); *Chavers v. Secretary, Fla. Dept. of*

*Corrections*, 468 F.3d 1273 (11th Cir. 2006)(confirming that the one-year statute of

limitations begins to run 90 days after the appellate court's affirmance, rather than 90 days

after the mandate issued).

Subsection (2) of 28 U.S.C. §2244(d) provides that the "time during which a properly

filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of limitation

under this subsection." Thompson properly filed his Rule 3.850 motion for postconviction

relief on **April 19, 2006**, after **41** days of the one-year limitations period had elapsed.

Thompson did not appeal the state trial court's May 3, 2007, order denying postconviction relief. However, because the **30-day** period during which Thompson could have filed an appeal of the order denying postconviction relief tolls the one-year limitations period,  the one-year limitations period did not begin to run again until the end of the 30-day period, on **June 3, 2007**.  Thereafter, **364** additional days passed until Thompson signed his federal petition on **June 4, 2008**. The total number of days during which no collateral proceeding was pending was **405** days, or **40** days beyond the one-year limitations period. Therefore, the federal petition is untimely.

### Equitable Tolling

The Eleventh Circuit has held that section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence. ' " *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)(*quoting Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). *See also Helton v. Sec. for the Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001). However, in this case, Thompson has neither argued nor shown that there are any extraordinary circumstances that are both beyond his control and unavoidable with diligence.

### EXHAUSTION AND PROCEDURAL DEFAULT

Thompson raised in his Rule 3.850 motion for postconviction relief the same or similar ineffective assistance of counsel claims he raises in his federal 28 U.S.C. § 2254 petition for writ of habeas corpus.  However, Thompson's failure to appeal the denial of his motion for postconviction relief renders the claims unexhausted and procedurally barred.

Title 28 U.S.C. § 2254(b) requires the exhaustion of state court remedies before a federal habeas corpus application will be entertained. *O'Sullivan v. Boerckel*, 526 U.S. 838,

842 (1999). *See also Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.") (*quoting Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)); *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners 'federal rights'") (*quoting Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

To exhaust the claims raised in the state motion for postconviction relief, Thompson was required to appeal the state trial court's order denying relief. *See Leonard v. Wainwright*, 601 F.2d 807,808 (5th Cir. 1979) ("In Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal of its denial" (citation omitted)).[4] *See also, Rodwell v. Singletary*, 114 F.Supp.2d 1308, 1312 (M.D. Fla. 2000)(holding that failure to appeal denial of claim raised in postconviction motion in a Florida court resulted in a procedural default, *citing, inter alia, Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir.), *cert. denied*, 502 U.S. 944 (1991); *Smith v. Jones*, 923 F.2d 588 (8th Cir. 1991)(claims presented in postconviction motion and not appealed were procedurally barred in subsequent habeas proceedings).

Claims or portions of claims which are not exhausted but which would clearly be barred if returned to state court must be dismissed. *See Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). Here it would be futile to dismiss this case to give Thompson the opportunity to exhaust his grounds in state court because he could have and should have

---

[4] Fifth Circuit decisions handed down prior to October 1,1981,are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

exhausted the claims by appealing the denial of postconviction relief. Thompson's thirty-day time period for appealing the denial of the Rule 3.850 motion expired on **June 4, 2007**, one year before Thompson filed the instant federal petition.

Thompson's claims in the present petition are procedurally barred. Thompson has not shown cause and prejudice to overcome the procedural default, and he has not shown that a fundamental miscarriage of justice will occur if this Court does not reach the merits of his claims.

**Accordingly, the Court orders**:

That Thompson's petition is denied as time-barred. Furthermore, Thompson's claims are procedurally barred. The Clerk is directed to enter judgment against Thompson and to close this case.

The Court will entertain a motion to reopen this case if, **within 20 days of the date of this order, Thompson can establish, by record evidence, that he is entitled to equitable tolling to overcome the one-year time-bar. Thompson must also show cause and prejudice to overcome the procedural bar if he files a motion to reopen the case.**

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong,"

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473,

484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to

proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v.

Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in

these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not

entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on November 7, 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Aaron Benny Thompson, pro se